IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | : | 1:05CR160-1 |
|---|---|---|
| v. | : | |
| MISTY DAWN TATE | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Anna Mills Wagoner, United States Attorney for the Middle District of North Carolina, and the defendant, MISTY DAWN TATE, in her own person and through her attorney, Jonathan Leonard, and state as follows:

1. The defendant, MISTY DAWN TATE, is presently under Indictment in case number 1:05CR160-1, which in Counts One, Two and Three charge her with violations of Title 21, United States Code, Section 841(a)(1), distribution of a mixture and substance containing a detectable amount of cocaine base ("crack").

2. The defendant, MISTY DAWN TATE, will enter a voluntary plea of guilty to Count Three of the Indictment herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to her by her attorney.

    a. The defendant understands that as to Count Three of the Indictment herein she shall be sentenced to a term of imprisonment of not less than ten years, or more than life, and a fine not to exceed $4,000,000, or both. Any sentence imposing a

term of imprisonment shall impose a term of supervised release of at least five years in addition to such term of imprisonment.

      b. The defendant, MISTY DAWN TATE, also understands that as to Count Three of the Indictment herein the Court may order that the defendant make restitution in accordance with Title 18, United States Code, Section 3663(c)(1).

      c. The defendant, MISTY DAWN TATE, further understands that the sentence to be imposed upon her is within the discretion of the sentencing Court subject to the mandatory minimum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

3. By voluntarily pleading guilty to Count Three of the Indictment herein, the defendant, MISTY DAWN TATE, knowingly waives and gives up her constitutional rights to plead not guilty, to compel the United States to prove her guilt beyond a reasonable doubt, not to be compelled to incriminate herself, to confront and cross-examine the witnesses against her, to have a jury or judge determine her guilt on the evidence presented, and

other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, MISTY DAWN TATE, is going to plead guilty to Count Three of the Indictment herein because she is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

    a. Upon the acceptance by the Court of a guilty plea by the defendant, MISTY DAWN TATE, to Count Three of the Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States will not oppose a motion to dismiss the remaining counts of the Indictment as to the defendant, MISTY DAWN TATE. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

    b. The United States and the defendant, MISTY DAWN TATE, agree that the quantity and type of substance involved in the offense alleged in Count Three of the Indictment is 71.6 grams of a mixture and substance containing a detectable amount of cocaine base ("crack").

    c. It is further understood that if the Court determines at the time of sentencing that the defendant, MISTY DAWN TATE, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a

3

decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. It is further understood that the Court is not bound by this recommendation.

6. It is further understood that the United States and the defendant, MISTY DAWN TATE, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

7. The defendant, MISTY DAWN TATE, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which she is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

8. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

4

This the ___3___ day of June, 2005.

ANNA MILLS WAGONER  
United States Attorney

JONATHAN LEONARD  
Attorney for Defendant

RANDALL S. GALYON  
NCSB #23119  
Assistant United States Attorney

MISTY DAWN TATE  
Defendant

    P. O. Box 1858  
    Greensboro, NC  27402

336/333-5351

5